IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| AURORA LAUREL "LAURIE" YANEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>TODD RICHARDSON, SHERIFF; DAVIS COUNTY; DAVIS COUNTY SHERIFF'S DEPARTMENT; DAVIS COUNTY SHERIFF'S OFFICE-CORRECTION DIVISION; DAVIS COUNTY JAIL; OFFICER WAITFIELD; and JOHN DOES I-V<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 1:12-CV-200 TS |

       This Motion is before the Court on Defendants Todd Richardson, Officer Wakefield,[1] Davis County, Davis County Sheriff's Department, Davis County Sheriff's Office-Correction Division, and Davis County Jail's (collectively "Defendants") Motion to Dismiss for failure to state a claim for which relief can be granted.

---

    [1] Although the Complaint was filed against an officer "Waitfield," Defendants note that the correct name is officer Wakefield.

1

## I.  BACKGROUND

Plaintiff filed her Complaint on September 26, 2012, alleging violations under 42 U.S.C. § 1983 for deprivation of a liberty interest without due process of law, denial of the equal protection of the law, and retaliation for engaging in protected activity.

In support of her claim, Plaintiff alleges that on August 12, 2010, Davis County correctional officers locked her in a holding cell with ten to fifteen male inmates.  The following day, when Plaintiff filled out an inmate request and grievance form, Plaintiff alleges that Defendant Wakefield retaliated against her by calling her a liar in front of several inmates.  After she had submitted the grievance form, Plaintiff alleges that she was "interrogated in a rude and cavalier manner, [she] was charged with providing false information, accused of interfering with an investigation, subjected to a room search, delayed in receiving mental health care, ridiculed, made fun of and ignored, [and] generally . . . intimidated and mistreated."[2]  As a result of this treatment, Plaintiff alleges that she experienced "pain in [her] chest, shortness of breath, anxiety, dizziness, loss of appetite, sleepiness, depression, headaches, loss of interest in normal day to day activities, flashbacks, nightmares and disturbing dreams, and post-traumatic stress disorder."[3]

## II.  STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as

---

[2]Docket No. 3, at 5.

[3]*Id.*

the nonmoving party.[4]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[5] which requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[6]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[7]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]  As the Court in *Iqbal* stated

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.[9]

Although Plaintiff is currently represented by counsel, her complaint was handwritten and appears to have been filed pro se.  "A pro se litigant's pleadings are to be construed liberally and

---

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id*. (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[8] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[9] *Iqbal*, 556 U.S. at 679 (alteration in original) (internal quotation marks and citations omitted).

held to a less stringent standard than formal pleadings drafted by lawyers."[10]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[11]  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[12]

### III.  DISCUSSION

A.    CLAIMS AGAINST INDIVIDUALS AND SUBORDINATE AGENCIES

Defendants argue that the Davis County Sheriff's Office, the Davis County's Sheriff's Office-Correction Division, and the Davis County Jail are subordinate agencies of Davis County and not subject to suit.  In her briefing, Plaintiff agrees and does not challenge Defendants' Motion as to these parties.

Defendants further argues that no specific facts were alleged against Defendant Richardson.  Again, Plaintiff agrees, but requests that if the Court dismisses her claims against Defendant Richardson, those claims should be dismissed without prejudice to her bringing claims against him if her investigation reveals sufficient facts.

Defendants further argue that Plaintiff's only allegations against Defendant Wakefield are

---

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id.*

[12] *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

that he called her a liar in front of several inmates, and that this allegation does not rise to the level of a constitutional violation.  Again, Plaintiff does not oppose the dismissal of her claim against Defendant Wakefield based on the allegations that he called her a liar.

Plaintiff does oppose dismissal of Defendant Wakefield for any involvement he had in locking Plaintiff in a cell with male inmates.  Plaintiff acknowledges that, if Defendant Wakefield was involved in locking her in a holding cell with male inmates, and if he performed these actions in his official capacity, her claims are against Davis County.  However, to the extent that those actions were not performed in his official capacity, Plaintiff opposes dismissal of her claims against Defendant Wakefield in his individual capacity.

Defendants argue that Plaintiff has not alleged any facts supporting a claim that Defendant Wakefield was in any way involved in locking her in the holding cell.  As Plaintiff has not alleged sufficient facts against Defendant Wakefield to support this claim, the Court will dismiss her claims against Defendant Wakefield without prejudice to her bringing claims against him if her investigation reveals sufficient facts.

Defendants also argue that, "regardless of the constitutional provisions cited by Plaintiffs, the 'explicit textual source of constitutional protection,' for those incarcerated is the Eighth Amendment."[13]  Therefore, any surviving claims of Plaintiff must be analyzed under the Eight Amendment.  Once again, Plaintiff does not oppose Defendants argument, and agrees that "the parties' focus should be on whether whatever happened to her in the Davis County Jail

---

[13] Docket No. 6, at 7 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

constituted cruel or unusual punishment or did not."[14]

As a result, "Plaintiff does not oppose dismissing out all Defendants except Davis County and agrees that the court may limit Plaintiff's claims under § 1983 to the confines of the Eight Amendment."[15]

B.    CLAIMS AGAINST DAVIS COUNTY

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[16] The Supreme Court has limited the liability of municipalities under § 1983, stating that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."[17] "Instead . . . [the Court has] required a plaintiff seeking to impose liability on a municipality to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."[18]

A policy can be based on the decisions of "officials whose acts may fairly be said to be those of the municipality."[19] However, it is not enough to identify conduct properly attributable

---

[14] Docket No. 12, at 6-7.

[15] *Id.* at 7.

[16] *West v. Atkins*, 487 U.S. 42, 48 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[17] *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

[18] *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

[19] *Id.* at 403-04.

to the municipality.[20] "The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."[21]

Plaintiff has not alleged any Davis County policy or custom that was the moving force behind her alleged mistreatment. In fact, Plaintiff argues that locking her in a cell with male inmates was against policy. She argues that the fact that it was against policy is what prompted Officer Wakefield to call Plaintiff a liar when she reported a grievance. Plaintiff argues that the Defendants cannot have it both ways, either the officers who locked her in a cell were acting pursuant to a county policy and she has a claim against the county, or they were acting against policy and she has a claim against those officers in their individual capacities. However, Plaintiff has not made specific allegations against any officer for locking her in the cell, and she has agreed to dismiss all individuals without prejudice. The only allegations against specific officers are made against Defendant Wakefield for calling her a liar.

As Plaintiff's Complaint does not contain sufficient allegations to support a claim against Davis County, and as Plaintiff does not oppose dismissal of her claims against the remaining Defendants, Plaintiff's claims will be dismissed without prejudice.

---

[20]*Id*. at 404.

[21]*Id.*

The Court notes that although Plaintiff is now represented by counsel, Plaintiff appears to have filed her Complaint pro se.  Under these circumstances, the Court deems it appropriate to give Plaintiff leave to amend her Complaint to correct the deficiencies noted above.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 6) is GRANTED. Plaintiff's Complaint is dismissed without prejudice.  Plaintiff has twenty-one (21) days to file an Amended Complaint.  Failure to file an Amended Complaint will result in dismissal of this case. It is further

ORDERED that the hearing set in this case for April 18, 2013, is STRICKEN.

DATED   April 15, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge