IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AURORA LAUREL "LAURIE" YANEZ,<br><br>Plaintiff,<br><br>v.<br><br>DAVIS COUNTY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 1:12-CV-200 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Summary Judgment.[1] For the reasons discussed below, the Court will grant Defendant's Motion.

I. BACKGROUND

On August 12, 2010, Davis County correctional officers locked Plaintiff in a holding cell with several male inmates. Plaintiff was the only female in the cell. While Plaintiff was in the cell, at least one of the male inmates urinated in the cell. Later that day or the following day, Plaintiff filled out a complaint form, detailing her grievances about being held in a cell with male inmates. After Plaintiff completed the form, a correctional officer called Plaintiff a liar in front of several female inmates. Finally, when correctional officers questioned Plaintiff, the officers acted rudely and made light of Plaintiff's complaint.

On May 6, 2013, Plaintiff filed an Amended Complaint asserting the following claims against Defendant Davis County (the "County"): (1) cruel and unusual punishment, in violation of the Eighth Amendment to the U.S. Constitution, brought under 42 U.S.C. § 1983; (2) cruel

---

[1] Docket No. 27.

1

and unusual punishment, in violation of Article I, section 9 of the Utah Constitution; (3) denial of the right to petition the government and seek redress for grievances, in violation of the First Amendment to the U.S. Constitution, or alternatively, cruel and unusual punishment based on the County's retaliation against Plaintiff for engaging in protected activity, in violation of the Eighth Amendment to the U.S. Constitution, brought under § 1983; and (4) denial of the right to protest wrongs and petition for redress of grievances, in violation of Article I, section 1 of the Utah Constitution.

## II.  LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4] "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[5] "If the burden of persuasion at trial would be on the *non-moving* party, . . . the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the

---

[2] Fed R. Civ. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[5] *Anderson*, 477 U.S. at 249.

2

nonmoving party's claim."[6]  "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."[7]

### III.  DISCUSSION

Defendant moves for summary judgment on Plaintiff's two § 1983 claims.  Defendant argues that Plaintiff has failed to present evidence that the correctional officers acted according to an official County policy or that Plaintiff suffered a violation of her constitutional rights.  Plaintiff argues that the undisputed facts raise a genuine issue of material fact as to the existence of a custom or practice of deliberate indifference to the constitutional rights of inmates.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[8]  The Tenth Circuit has explained that § 1983 claims based on municipal liability involve the following three elements: "(1) official policy or custom, (2) causation, and (3) state of mind."[9]

---

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).

[7] *Anderson*, 477 U.S. at 252.

[8] *West v. Atkins*, 487 U.S. 42, 48 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[9] *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2003).

3

Plaintiff must show the existence of an official policy or custom "to distinguish acts of the *municipality* from acts of *employees* of the municipality."[10] Municipal policies or customs include the following:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification of such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.[11]

Plaintiff has not provided evidence demonstrating that the correctional officers acted according to a custom or practice that is so widespread that it can be considered a well-settled custom with the force of law, or that the correctional officers' conduct was the result of inadequate training or supervision. Instead, Plaintiff has only presented evidence of the correctional officers' conduct in this one instance. In fact, Plaintiff concedes that she has "not adduced any evidence beyond what she has alleged happened to her (in her Amended Complaint) by which she can seek to hold Davis County liable."[12] This mere scintilla of evidence is insufficient to establish the first element of both of Plaintiff's § 1983 claims. Based on the foregoing, the Court will grant summary judgment to Defendant on Plaintiff's two § 1983 claims.

---

[10] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

[11] *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189–90 (10th Cir. 2010)) (internal quotation marks and alteration omitted).

[12] Docket No. 31, at 5.

Defendant also argues that, if summary judgment is granted to Defendant as to the § 1983 claims, then the two remaining state-law claims should be dismissed without prejudice for lack of jurisdiction. Plaintiff does not oppose this argument.

Under *United Mine Workers v. Gibbs*,[13] "a federal court can retain jurisdiction following dismissal of all federal claims if the remaining state claims derive from the same common nucleus of operative facts and a plaintiff would ordinarily be expected to try all of them in one proceeding."[14] However, "[e]ven where a 'common nucleus of operative fact' exists, federal jurisdiction is not mandatory over pendent claims or parties."[15] Federal district courts may decline supplemental jurisdiction in certain situations, including when "the claim raises a novel or complex issue of State law, [or] . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."[16] "[T]he Supreme Court repeatedly has determined that supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion."[17] Because Plaintiff does not oppose Defendant's argument for dismissing the remaining state-law claims in this case, and the claims involve complex issues of state law, the Court will decline to exercise supplemental jurisdiction.

---

[13] 383 U.S. 715 (1966).

[14] *Bank of Okla., N.A., Grove Branch v. Islands Marina, Ltd.*, 918 F.2d 1476, 1479–80 (10th Cir. 1990) (citing *Gibbs*, 383 U.S. at 725).

[15] *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004).

[16] 28 U.S.C. § 1367(c) (2012).

[17] *Estate of Harshman*, 379 F.3d at 1165 (citing *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997); *Gibbs*, 383 U.S. at 726).

## IV.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 27) is GRANTED.

The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiff on Plaintiff's federal-law claims.  Plaintiff's state-law claims are dismissed without prejudice.  The Clerk of the Court is directed to close this case forthwith.

DATED this 1st day of October, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge